IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 3 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| ALVERNIA T. MILLS,              § | |
| § | |
| Plaintiff,             § | |
| § | |
| VS.                            § | NO. 4:13-CV-352-A |
| § | |
| THE UNITED STATES OF AMERICA   § | |
| DEPARTMENT OF HOMELAND         § | |
| SECURITY, ET AL.,              § | |
| § | |
| Defendants.            § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is (1) the motion of defendants United States Department of Homeland Security ("DHS"), Federal Protective Service ("FPS"), Gilbert N. Russo ("Russo"), and Sherina R. Hughes ("Hughes") to dismiss all counts of the complaint of plaintiff, Alvernia T. Mills, against them; and (2) the motion of defendant Janet Napolitano, Secretary of the United States Department of Homeland Security (the "Secretary"), to dismiss the claims in Count Four of plaintiff's complaint against her. Having considered the motions and briefs in support, and applicable legal authorities, the court has concluded that the motions should be granted.

I.

<u>Plaintiff's Claims and Grounds of Defendants' Motions</u>

Plaintiff alleges claims for (1) retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et. seq.</u> (Count One); (2) violations of the Rehabilitation Act of 1973 (Counts Two and Three); and violations of the Health Insurance Portability and Accountability Act ("HIPAA") (Count Four); related to her employment with DHS. Plaintiff also cites the Americans with Disabilities Act, 42 U.S.C. §§ 12102 <u>et seq.</u> ("ADA") within her complaint.

Defendants DHS, FPS, Russo, and Hughes contend that, as to Counts One, Two, and Three of the complaint, they are not proper defendants, and the only proper defendant for those counts is the Secretary. As far as Count Four, all defendants argue for dismissal, contending that there is no private right of action for plaintiff's HIPAA claim. Defendants argue that, to the extent plaintiff is attempting to allege a claim under the ADA, such claim is barred because the ADA expressly excludes the federal government from the definition of "employer," and all defendants are part of the federal government.

II.

## Analysis

It is well-established that "[u]nder Title VII and the Rehabilitation Act the proper defendant is the 'head of the department, agency, or unit, as appropriate.'" Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988) (quoting 42 U.S.C. § 2000e-16(c)); 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures); Quevedo v. Army & Air Force Exch. Serv., No. 00-10360, 234 F.3d 29 (5th Cir. 2000) (unpublished) ("By statute, the only proper party defendant in either a Title VII action . . . brought against the United States is the head of the agency in which the alleged discriminatory acts occurred."). Accordingly, all claims in Counts One, Two, and Three against DHS, FPS,[1] Russo, and Hughes should be dismissed, leaving only the Secretary as the proper defendant for those claims.

Plaintiff's HIPAA claim fails as to all defendants because there is no private right of action under HIPAA. See Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims."); Quintana v. Lightner, 818 F. Supp. 2d 964, 973 (N.D.

---

[1] FPS is a component of DHS, 6 U.S.C. § 203(3), and therefore the Secretary is considered the head of FPS as well as DHS.

Tex. 2011) ("Enforcement of the [HIPAA] statute is limited to the Secretary of Health and Human Services."). Accordingly, plaintiff's claims under HIPAA should be dismissed against all defendants for lack of jurisdiction.

As defendants note, it is unclear whether plaintiff intends to assert a cause of action under the ADA. She cites the ADA in the first paragraph of her complaint, and states that she is bringing this action "pursuant to" the ADA among other federal statutes, but she does not include the ADA among her specific claims for relief. Compl. at 1. However, defendant is correct in its contention that plaintiff is barred from bringing a cause of action under the ADA against a government agency because it is expressly excluded from the ADA's definition of "employer." 42 U.S.C. § 12111(5)(B); Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007) (holding that a plaintiff's "ADA claim fails because USACE is a federal government employer, which the ADA specifically excepts from its purview"); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) (ADA claim against the United States Postal Service "not permitted under the statute" against a government entity). Thus, to the extent plaintiff is attempting to bring a claim under the ADA, she is barred from doing so, and such claim should be dismissed.

III.

Order

Therefore,

The court ORDERS that motion of DHS, FPS, Russo, and Hughes, to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs against those defendants, be, and are hereby, dismissed with prejudice.

The court further ORDERS that the motion of the Secretary to dismiss the HIPAA claims asserted in Count Four of plaintiff's complaint be, and is hereby, granted, and such claims be, and are hereby dismissed with prejudice.

SIGNED July 3, 2013.

_____
JOHN McBRYDE
United States District Judge